IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRIND LAP SERVICES, INC., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) | No. 14 C 6448 |
| v. | ) ) | Judge Robert W. Gettleman |
| UBM LLC and JOHN DOES 1-12, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Grind Lap Services, Inc. filed a three-count putative class action complaint against defendants UBM LLC ("UBM") and 12 John Does, alleging that defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), unlawfully converted plaintiff's fax machine, toner, and paper (Count II), and violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 (Count III), by sending plaintiff a one-page fax. Defendant UBM has filed the instant motion for summary judgment pursuant to Fed. R. Civ. P. 56, contending that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. For the reasons discussed below, UBM's motion for summary judgment is granted.

### BACKGROUND[1]

EDN magazine was an engineering trade publication produced by defendant UBM or one of its affiliates. The print edition of the magazine was available for free on a reader-requested

---

[1] The following facts are, unless otherwise specified, undisputed and come from the parties' Local Rule 56.1 statements and responses.

basis. On June 15, 2010, one of UBM's outside vendors telephoned plaintiff and spoke with plaintiff's corporate secretary, offering a free EDN subscription to Brian Gallichio.[2]

During the call, plaintiff's secretary represented that she was authorized to "get" a free subscription for Gallichio, and signed him up for the print version of the magazine. The secretary specified that the print subscription of EDN should be sent to plaintiff's address at 1045 West National Avenue in Addison, Illinois, and provided the vendor with plaintiff's phone number, fax number, and Gallichio's business email address. The secretary also confirmed that plaintiff is "a type of engineering company," and answered a number of questions about plaintiff's business. Following this telephone conversation, EDN magazine was mailed to plaintiff's address twice monthly from June 2010 through March 2012.[3]

On March 21, 2012, UBM sent a one-page fax to plaintiff entitled "Urgent Renewal Request." The fax is directed to Gallichio at plaintiff's name and address and contains an account number, the fax number provided by plaintiff's secretary, and EDN's name and address. The fax requests that the recipient "[p]lease update any changes" to its address and fax number. The fax states that, "For your convenience we have set up a personalized web page just for you, so that you can renew your EDN subscription online - now. Simply go to the page at: www.ezrenew.net.edn/BGALLICHIO." The fax also states that the recipient can "complete the

---

[2] Plaintiff denies that Brian Gallichio is the president and registered agent of plaintiff, instead asserting that he is the Plant Engineer of Grind Lap Services. This dispute, however, is inconsequential for purposes of determining whether summary judgment is appropriate.

[3] Plaintiff denies this statement, but does not reference any affidavit, parts of the record, or other material in support of the denial as required by Local Rule 56.1(b)(3). Accordingly, the statement is deemed admitted. See McGuire v. United Parcel Serv., 152 F.3d 673, 675 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.").

form below today, sign and date and fax this order form back to 1-866-279-5883." Below this statement, the recipient can check a box, indicating either, "Yes, I wish to receive/continue to receive EDN" or "No." The bottom portion of the form includes five questions about the recipient's business, such as "For which industries do you perform design and development engineering functions?" The fax also asks the recipient to indicate whether it wanted EDN in "digital, " "print," or "both" forms.

## DISCUSSION

**A.  Legal Standard**

A movant is entitled to summary judgment pursuant to Fed. R. Civ. P. 56 when the moving papers and affidavits show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(c); Becker v. Tenenbaum–Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990).  The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion.  See Green v. Carlson, 826 F.2d 647, 651 (7th Cir. 1987).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The nonmoving party must, however, "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence in support of the

[nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

**B.      Analysis**

UBM argues that it is entitled to summary judgment because there is no issue of material fact as to whether the fax it sent plaintiff is an "unsolicited advertisement." According to UBM, the record establishes that the fax is not an "unsolicited advertisement," but instead is a "subscription renewal notice – a communication expressly permitted by the Federal Communications Commission (the 'Commission')," and therefore does not run afoul of the TCPA. UBM contends that "[i]n a final order construing the term 'unsolicited advertisement,' the Commission . . . concluded that transactional communications, including subscription renewal notices, are not advertisements." UBM argues that because plaintiff was a "current subscriber" to EDN and had "affirmatively subscribed to the publication," the fax at issue is a "transactional communication," not an unsolicited advertisement. The Commission's order, UBM asserts, is binding on this court.

UBM also contends that because the fax is not an advertisement, and therefore did not violate the TCPA, plaintiff's conversion and ICFA claims must also fail. According to UBM, there was no wrongful deprivation of plaintiff's right to possession of its fax machine because the fax was lawfully sent under the TCPA. Similarly, UBM argues that a lawfully sent subscription renewal request does not offend public policy and is not "immoral, unethical, oppressive, or unscrupulous" in violation of the ICFA.

Plaintiff argues that the Commission's order relied on by UBM is inapplicable because its discussion of transactional communications is not "tethered to statutory language in the

TCPA," and therefore, under Holtzman, C.P.A. & Associates Ltd. v. Turza, 728 F.3d 682 (7th Cir. 2013), does not "have a binding effect" on this court. Plaintiff contends that the court should follow "the plain language of the TCPA" and hold that if "a fax contains 'any material' promoting the 'commercial availability' of any property, goods, or services, then it is an 'advertisement.'" According to plaintiff, because the fax at issue here promotes defendant's "name, logo, address, and contact information," it advertises the commercial availability of UBM's goods and services. Even if the court accept's the Commission's rule concerning transactional communications, plaintiff argues that the court should find that the fax is a pretext to "an overall marketing campaign to sell goods." According to plaintiff, the fax was not purely transactional, as required by the Commission's rule, but also contained a "survey designed to further Defendant's overall goal of selling advertisement space in that 'free' EDN publication, which in turn promotes commercially available products." Plaintiff contends that a reasonable jury could find that the survey portion of the fax transforms it into an advertisement. Finally, plaintiff argues that because the fax qualifies as an "unsolicited advertisement" under the TCPA, UBM is also liable under its conversion and ICFA claims. The court disagrees.

The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The statute creates a private right of action whereby the recipient of an unsolicited fax may bring an action to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). A successful TCPA claim requires a plaintiff to establish that the defendant: "(1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the

5

facsimile was unsolicited; and (3) the facsimile constituted an advertisement." Hinman v. M and M Rental Center, Inc., 545 F. Supp. 2d 802, 805 (N.D. Ill. 2008). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

Contrary to plaintiff's arguments, final orders promulgated by the Commission are binding on this court pursuant to the Administrative Orders Review Act (the "Hobbs Act"), 28 U.S.C. § 2342(1). See CE Design, Ltd. v. Prism Business Media, Inc., 606 F.3d 443, 446 (7th Cir. 2010). The Hobbs Act "reserves to the courts of appeals the power 'to enjoin, set aside, suspend (in whole or in part), or to determine the validity of' all final FCC orders." Id. (citing 28 U.S.C. § 2342(1)). As such, the court cannot, as plaintiff suggests, "adopt the reasoning of" Turza and find that the Commission's rule relating to transactional communications is not valid. See id. at 446 n.3 ("[T]he Hobbs Act prevents the district court from considering the validity of final FCC orders.").

According to an order issued by the Commission, "messages whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements for purposes of the TCPA's facsimile advertising rules." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 21 FCC Rcd. 3787 (April 6, 2006); Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005, 71 FR 25967 (May 3, 2006). As an example of such communications, the Commission points to a subscription renewal notice, noting that if "the recipient is a current subscriber and

had affirmatively subscribed to the publication," the fax would not qualify as an advertisement. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 21 FCC Rcd. 3787 (April 6, 2006). "In order for such messages to fall outside the definition of 'unsolicited advertisement,' they must relate specifically to existing accounts and ongoing transactions." Id.

There is no genuine issue of material fact that the fax at issue here is a subscription renewal request, and not an unsolicited advertisement. As described above, the fax is titled "Urgent Renewal Request," and asks the recipient to indicate, in one of two ways, whether it/he would like to continue receiving a subscription to EDN magazine. The record establishes that plaintiff was a current subscriber to the magazine at the time the fax was sent and had affirmatively subscribed to the magazine through the consent of its corporate secretary. In fact, the fax contains an account number associated with plaintiff's subscription, through which plaintiff had received the magazine twice a month for almost two years. The fact that the magazine was free does not alter the transactional nature of the communication given plaintiff's earlier agreement to receive the magazine.

Similarly, the five questions about plaintiff's business included in the fax do not transform it into an unsolicited advertisement. The Commission has articulated that an unsolicited advertisement is material that "advertises the commercial availability or quality of any property, goods, or services, even if the message purports to be conducting a survey." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 21 FCC Rcd. 3787 (April 6, 2006). However, neither the questions nor the fax generally promote the commercial availability or quality of any goods or services. The instant fax includes

a single reference to the name of the magazine, along with the company's address. This information occupies maybe an eighth of the page, and instead of promoting anything, merely indicates the magazine's name. Although plaintiff relies heavily on Turza to argue that the fax is an unsolicited advertisement, the Turza fax is easily distinguishable from the fax presently before the court. In Turza, the recipient of the fax had no prior relationship with the sender. 728 F.3d at 683. In addition, defendant's name, logo, address, email, website, and telephone and facsimile numbers occupied approximately twenty-five percent of the offending fax. Id. at 685-86. The Turza fax also advertised what types of services defendant provided, such as estate and business succession planning. Id. Moreover, the Seventh Circuit affirmed this court's finding that the fax would not have been sent but for the purpose of promoting defendant's services. Id. at 688. In contrast, the fax at issue here was sent as a part of a commercial transaction that plaintiff had previously entered into with the sender. Accordingly, as a matter of law, the fax is not an unsolicited advertisement within the meaning of the TCPA. A reasonable jury could not find otherwise.

Because the fax at issue was not sent in violation of the TCPA, plaintiff's conversion and ICFA claims also fail. Under Illinois common law, a plaintiff who seeks to state a claim for conversion must allege: "(1) an unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property." General Motors Corp. v. Douglass, 565 N.E.2d 93, 96–97 (Ill. App. Ct. 1990). Because the one-page fax sent by defendant was not in violation of the TCPA, there was no wrongful assumption of control over plaintiff's personal property.

Similarly, without a TCPA violation, plaintiff's ICFA claim also fails because as a matter of law defendant did not engage in a deceptive or unfair practice by sending the fax. See Connick v. Suzuki Motor Co., 675 N.E.2d 584, 593 (Ill. App. Ct. 1996) (ICFA claim requires plaintiff to establish, among other things, a deceptive act or unfair practice).

## CONCLUSION

For the foregoing reasons, the court grants UBM's motion for summary judgment, and enters judgment in favor of defendant UBM, and against plaintiff Grind Lap Services, Inc.

**ENTER:** November 10, 2015

_____
**Robert W. Gettleman**
**United States District Judge**